# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| WILTON AUGUSTINE, ET AL. | : | DOCKET NO. 2:08-cv-1102 |
| --- | --- | --- |
| VS. | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY CO., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING ISSUED
## IN CONJUNCTION WITH ORDER FOR ADDITIONAL BRIEFING

Before the court is plaintiffs' Motion to Remand [Doc. 10] which is opposed by defendant, Employers Mutual Casualty Company (EMC). The court finds itself inclined to deny the motion on grounds neither briefed nor argued by any party. Before doing so, however, we would like to offer to the parties an opportunity to respond.

## I.
## BACKGROUND

A. State Court Proceedings:

Plaintiffs, Wilton Augustine and ASA Family Enterprises, d/b/a Big A Pawn Shop, brought suit in state court on September 19, 2007, against Employers Mutual Casualty (EMC), an Iowa Corporation, as insurer for various properties located in Calcasieu Parish, Louisiana, alleged to have been damaged by Hurricane Rita. Plaintiffs allege that one "and/or" the other is the owner of the properties bearing municipal addresses:

      a. 108 Roddam Street, Sulphur, Louisiana;
      b. 817 East Prien Lake Road, Lake Charles, Louisiana;
      c. 1638 Broad Street, Lake Charles, Louisiana;
      d. 2102 Highway 171 North, Lake Charles, Louisiana;
      e. 2215 Broad Street, Lake Charles, Louisiana; and
      f. 3218 Reidway, Lake Charles, Louisiana.

Doc. 1, Att. 1, ¶ 2. Plaintiffs claim that EMC is indebted to them for failing to initiate loss adjustment of plaintiff's property damage claim within the time required by law, for adjusting the claim "unreasonably low" giving plaintiffs no opportunity to conduct needed repairs, and similar adjusting and hurricane related complaints.

Also named as defendants in the original petition are US Solid Wall, LLC, "a Louisiana limited liability company" and Don Simon, d/b/a Simon Construction, Simons Building, and Newtech Building, Inc., "(collectively 'SIMON') a Louisiana sole proprietor . . . ." Doc. 1, Att. 1, ¶ 1. Allegations against these defendants, US and "Simon"[1], begin at paragraph 12 and are summarized as follows:

      a. Defendants operated as a building contractor and public adjuster;
      b. US contracted with plaintiffs to purchase 2215 Broad Street "and the rights to insurance proceeds" to repair the structure there, US owing back to plaintiffs any proceeds not used for repair;[2]
      c. Plaintiffs repossessed 2215 Broad Street as US and Simons failed to honor their agreement;
      d. US and Simons agreed to represent plaintiffs as a public adjuster for a contingency fee, illegal under Louisiana law.

---

[1] Plaintiffs allege the individual defendant's name to be "Don Simon." In his answer this defendant states his name as "Don Simon." Doc. 1, Att. 9, p. 10. The correct name is "Don Simons." Doc. 15, Att. 14, p. 4
[2] Both the complaint and the contract at issue list the property at issue as "2215 Broad Street." Plaintiffs state in their Motion to Remand, however, that this was a typographical error and the subject property is actually found at 1638 Broad Street. Doc. 10, p. 4.

Doc. 1, Att. 1, ¶ ¶ 12-16.  Plaintiffs seek remedies from these defendants (who are hereafter referred to as "the US/Simons defendants") in the form of damages for breach of contract on the property and a declaration that the public adjuster contract is null and void as against public policy.

EMC answered the original petition on November 27, 2007.  Doc. 1, Att. 9, p. 3.  EMC addresses each allegation of the plaintiff separately, admitting it issued a policy of insurance but claiming the policy itself to be best evidence of its contents.  US and Simons filed a one page answer on December 4, 2007, denying all allegations "for lack of sufficient information to justify a belief in the truth therein."  Doc. 1, Att. 9, p. 10.  These defendants made no statement as to their citizenship.

From information available in this record it appears that minimal activity occurred in the state court proceeding once issues were joined other than EMC seeking discovery from plaintiffs.

B. <u>Removal</u>.

On July 30, 2008, EMC filed a Notice of Removal with this court.  Doc. 1.  The Notice describes the action as a civil one between citizens of different states whereby plaintiffs seek recovery in excess of $75,000 exclusive of interest and costs.  Doc. 1, p. 2.  The Notice also alleges that EMC was unaware until the July 1, 2008, deposition of Simons that Simons and US were improperly joined so that their citizenship can be disregarded for purposes of diversity.  The Notice alleges that EMC was unaware prior to the deposition that the contract at issue alleged in the petition to be between plaintiffs and

the US/Simons defendants was actually between "Augustine Properties, LLC," not Mr. Augustine personally or ASA Family Enterprises, Inc.. The Notice further alleges that it was not until Mr. Simons' deposition that EMC learned that neither Simons nor US had contracted to act as a public adjuster for these plaintiffs and it references the deposition of Wilton Augustine to establish that in fact all properties were owned by "Augustine Properties LLC" and not the named plaintiffs.[3]

Alternatively EMC alleges that it first learned at the July 1, 2008, deposition of Simons that Simons and his entities were not Louisiana citizens as alleged in the original complaint.

C. Motion to Remand.

On August 28, 2008, plaintiffs filed a Motion to Remand. Doc. 10. Plaintiffs claim the Notice of Removal was fatally defective for its failure to state certain facts plaintiffs maintain would establish a cause of action against the US/Simons defendants. Plaintiffs also claim that removal was untimely pursuant to 28 U.S.C. § 1446(b) mandating notice be filed within thirty days after receipt of defendant of the initial pleading. Plaintiffs refute the claim of EMC in its Notice of Removal that the deposition of Simons was an "other paper" from which EMC could first ascertain that the case is one which is removable, the exception to the 30 day requirement of the applicable statute.

---

[3] Testimony of Wilton Augustine is referenced on several occasions by defendant but none of those references indicate when that deposition was taken. EMC states in its supplemental memorandum at page 2 that the deposition was taken July 22, 2008, and plaintiff does not refute that assertion; therefore, we accept that as the date of the testimony. Doc. 30, p. 2.

Finally plaintiffs suggest remand is in order as EMC did not have consent to remove from the US/Simons defendants.

Hearing on the Motion to Remand was held December 16, 2008. At hearing plaintiffs suggested argument not raised in their original complaint or Motion to Remand; accordingly, the hearing was terminated and plaintiffs were allowed thirty days to amend their pleadings. Doc. 20. Despite being afforded a thirty day extension of the original deadline (Doc. 22), plaintiffs never amended. Each party did, however, file additional memoranda and a second hearing was held March 26, 2009, at which time the matter was taken under advisement.

US/Simons have neither joined in nor opposed the Motion to Remand and have filed nothing that would support or controvert the position of either plaintiffs or EMC in this controversy.

## II.
## DISCUSSION

This court has been grappling with the issues raised in the Notice of Removal, Motion to Remand, and six memoranda that have been submitted in support of or in opposition thereto. The court would like to share with the parties its thoughts as the ruling we believe appropriate is not supported by any argument made or briefed by either side. The court would like to offer the opportunity for briefing to all parties involved.

EMC filed its Notice of Removal by first observing correctly that "[t]here are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional

facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). EMC then proceeds to argue the second *Guillory* prong, that plaintiffs are unable to establish a cause of action against the US/Simons defendants. In order to avoid the ramifications of the provisions of 28 U.S.C. § 1446(b) mandating removal "within thirty days after receipt by the defendant . . . of a copy of the initial pleading," EMC also argues Notice that it was unaware of plaintiffs' inability to establish the cause of action until it deposed defendant Simons on July 1, 2008. EMC argues this deposition is an "other paper" that would invoke the second paragraph of subparagraph (b) of the statute allowing when "the case *stated by the initial pleading* is not removable" then "a notice of removal may be filed within thirty days after receipt by the defendant . . . of [an] other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added).

Plaintiffs' Motion to Remand argues that indeed they have stated a cause of action against the US/Simons defendants and that a deposition cannot constitute an "other paper," relying on *S.W.S. Erectors, Inc. v. Infax, Inc.* 33 F.3d 489 (5th Cir. 1996). And then begins a litany of sardonic rhetoric between the two sides, plaintiffs arguing vociferously they had indeed stated a claim against US/Simons and in any event that removal was untimely and with EMC decrying equally stridently that no claim has been stated and removal was timely.

Thrown into this mixture is EMC's alternative position stated in its Notice that removal was appropriate because it learned for the first time at the July 1, 2008, deposition of Mr. Simons that the US/Simons defendants were actually citizens of Texas and not Louisiana as was alleged in the original complaint. To this plaintiffs respond that EMC had reason to know before July 1, 2008, of US/Simons' citizenship and therefore again removal was untimely. Except for the initial petition and one short moment at the hearing held March 26, 2009, plaintiffs have not contested that diversity jurisdiction exists[4] but they do continue to claim that removal on diversity jurisdiction was untimely.

Having reviewed the documents presented, it appears to this court that the issue is not whether plaintiffs are able to establish a claim against the US/Simons defendants, the second prong of *Guillory* and its predecessor and progeny. Rather the issue to be considered here is whether there has been actual fraud in the pleading of jurisdictional facts and, if so, what the consequence of that fraud in the pleading would be.

Plaintiffs misstated the citizenship the US/Simons defendants in the body of their complaint and this court has been given no justification whatsoever for that misstatement. Plaintiffs obviously knew the residency of the US/Simons defendants at the time of initial

---

[4] At the March 26, 2009 hearing, plaintiffs temporarily abandoned the concessions made in brief and argument at the first hearing, i.e. that diversity jurisdiction exists. At inception of the March hearing, plaintiffs argued that complete diversity did not exist, introducing a printout (not produced before hearing) from the Louisiana Secretary of State Commercial Division Corporations Database, which listed the domicile address of US Solid Wall, LLC as 1638 Broad St., Lake Charles, LA 70601. Plaintiffs abandoned this position upon the court's advising of the Fifth Circuit's recent holding in *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1079 (5th Cir. 2008), that the citizenship of a limited liability company for diversity purposes is determined by the membership of its parties. Don Simons, the sole member of US Solid Wall, LLC (Doc. 1, Att. 7), has never resided in Louisiana (Doc. 1, Att. 6).

filing, best evidenced by their service instructions following the body of the complaint, that US/Simons would be served "Via Louisiana Long Arm Statute."

Additional evidence indicates that defendant Simons has been complicit in plaintiffs' obfuscation. First defendants US/Simons file a bare-bones answer to the complaint and fail to correct therein plaintiffs' misstatement as to their citizenship. Next defendants US/Simons refuse to cooperate with defendant EMC in scheduling depositions. The record shows that a deposition notice was issued for defendants Don Simons and U.S. Solid Wall to appear and give testimony at the office of their counsel on May 30, 2008, but counsel for these defendants advised by correspondence dated May 29, 2008, that the defendants would not appear. Doc. 15, Att. 14. In order to obtain the testimony of these defendants, EMC was compelled to file a Petition for Letters Rogatory. Doc. 1, Att. 15, pp. 11-12.

Once EMC was finally able to compel the testimony of Mr. Simons, EMC was made privy to Mr. Simons' understanding of why he was made a defendant in this litigation in the first place. On July 1, 2008, Mr. Simons testified it was his understanding he was named in this suit "[s]o the lawsuit could be held in Lake Charles, Louisiana. . . . If I was – if it was two parties involved, then it couldn't be moved out of state or to some higher court." Doc. 30, Att. 1, p. 2. Although expressed in layman terms, Mr. Simons obviously understood that his purpose in this litigation was to keep this matter out of "some higher court," i.e. this court.

Further evidence of the complicity of the US/Simons defendants is their failure to take any action whatsoever to extricate themselves from this litigation. In their effort to convince this court that plaintiffs have no viable claim against the US/Simons defendants, EMC raised several seemingly viable defenses that the US/Simons could assert and bring forward to seek dismissal from this proceeding, yet they do nothing. And their silence throughout this remand process has been deafening.

Although the "actual fraud in the pleading of jurisdictional facts" prong of *Guillory* was set forth in the Notice of Removal, neither party relied upon it or briefed it to this court. Accordingly, the court will allow both sides (and Mr. Simons as well if he chooses to participate) to do so as this court is of the current belief that the factors set forth above would tend to establish that indeed there has been.

Plaintiffs, EMC, and the US/Simons defendants are allowed until October 16, 2009, to submit one memorandum each addressing the following issues:

(1) Whether there has been an "actual fraud in the pleading of jurisdictional facts" as is the court's present (but not final) conclusion;
(2) Upon what facts may a court rely to determine whether there has been "actual fraud in the pleading of jurisdictional facts";
(3) What are the ramifications of a determination that there has been "actual fraud in the pleading of jurisdictional facts"? Discussion of this issue should include a discussion of whether a finding of "actual fraud in the pleading of jurisdictional facts" then obviates the need for a consideration of whether plaintiffs have stated a judiciable claim against the US/Simons defendants;
(4) Whether the consent of the US/Simons defendants is necessary for removal;
(5) What is the historical and legal basis for requirement for consent of all defendants to removal;

(6) What bearing, if any, would the apparent complicity of the US/Simons defendants have on any issue presently under consideration, particularly the extent to which their consent would be necessary for proper removal.

The memoranda addressing whether plaintiffs have asserted a judiciable claim against the US/Simons defendants have proved very difficult to unravel, various points and arguments being thrown in the general direction of this court in fits and starts. This issue may continue to be relevant, however, should we determine that consent of the US/Simons defendants is necessary under these circumstances.

Restated, the recovery sought from the US/Simons defendants is a declaration that the alleged public adjuster contract is null and void and for damages related to defendants' contract with plaintiffs or some other entity over the property sold. If any party wishes to restate – succinctly and without vitriol – their position on whether plaintiffs are able to establish a cause of action for this relief, they are welcome to do so in the memorandum addressing the issues set forth above.

Counsel are cautioned to refrain from use of condescending language in their memoranda as the court finds this to be particularly unhelpful.

The court will entertain oral argument on October 29, 2009, at 1:30 p.m.

THUS DONE AND SIGNED in chambers in Lake Charles, Louisiana, this 29th day of September, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE