UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| WILTON AUGUSTINE AND ASA FAMILY ENTERPRISES, INC. d/b/a BIG A PAWN SHOP | CIVIL ACTION NO.: 2:08-CV-1102 |
| VERSUS | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY INSURANCE COMPANIES, US SOLID WALL, LLC, AND DON SIMON d/b/a SIMON CONSTRUCTION AND NEW TECH BUILDERS, INC. | MAGISTRATE JUDGE KAY |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

MAY IT PLEASE THE COURT:

Defendant Employers Mutual Casualty Company ("EMC") respectfully submits this Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand in response to the Court's September 30, 2009 Order.

## INTRODUCTION

Plaintiffs' Motion to Remand is without merit for the reasons suggested in the Court's September 30, 2009 Memorandum Ruling ("Memorandum Ruling"). As is apparent from the face of Plaintiffs' state court petition—which alleges that US Solid Wall, LLC, is a Louisiana LLC and that Don Simon, d/b/a Simon Construction, Simons

Building Corporation, and Newtech Building, Inc., is a Louisiana sole proprietor – and their subsequent admissions that Solid Wall, LLC, and Don Simons (the "US/Simons Defendants") are citizens of Texas, there has been "actual fraud in the pleading of jurisdictional facts" in this case. Because the Fifth Circuit's fraudulent joinder test is disjunctive—requiring a showing of *either* "actual fraud in the pleading of jurisdictional facts" *or* "inability of the plaintiff to establish a cause of action"—this "actual fraud" compels a finding of fraudulent joinder and thus obviates the need for consideration of whether Plaintiffs have stated a judiciable claim against the US/Simons Defendants. And because they were fraudulently joined, the absence of the US/Simons Defendants' consent was not a procedural impediment to EMC's removal of this case. Accordingly, the Court should deny Plaintiffs' Motion to Remand.

## **LAW AND ARGUMENT**

**I.      There Has Been "Actual Fraud in the Pleading of Jurisdictional Facts" in this Case (Issues 1-2).**

Showing "actual fraud in the pleading of jurisdictional facts" is one of two discrete ways a removing defendant may establish a codefendant's fraudulent joinder. *See Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "[W]hen reviewing a fraudulent joinder claim," a court "may consider summary judgment-type evidence such as affidavits and deposition testimony." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citation and internal quotation marks omitted); *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (holding that a court

reviewing a fraudulent joinder claim may "'pierce the pleadings' and consider summary judgment-type evidence"). Here, "actual fraud in the pleading of jurisdictional facts" is apparent from the face of Plaintiffs' state court petition and their subsequent admission that the US/Simons Defendants are Texas citizens. Specifically, Plaintiffs alleged in their petition that:

> . . . .
>
> (b)   US SOLID WALL, LLC ("US"), a Louisiana limited liability company that can be served through its registered agent, Corporation Service Company, 320 Somerulos St., Baton Rouge, La. 70802-6129.
>
> (c)   DON SIMON, d/b/a SIMON CONSTRUCTION, SIMON BUILDING CORPORATION and NEWTECH BUILDING, INC. (collectively "SIMON") a Louisiana sole proprietor that can be served through its principal, Don Simon, 104 Bogie Drive, San Marcos, TX 78666.

See Petition ¶ 1 (exhibit A to EMC's notice of removal at record document 1). As the Court's Memorandum Ruling recognizes, Plaintiffs now concede—despite their representations to the contrary in their state court petition—that the US/Simons Defendants are Texas citizens. This fact was not unequivocally known by EMC until, at the earliest, July 1, 2008, when EMC took the deposition of Don Simons.[1]

In his deposition, Simons testified:

- That he is the only member of U.S. Solid Wall, LLC, see Exhibits F & G to EMC's Notice of Removal (deposition of Simon) at 8;

---

[1] The Court will recall that Mr. Simons' deposition was originally scheduled for May 30, 2008, in Lake Charles, Louisiana at the office of his Louisiana attorney. The day before, counsel for Simons unilaterally canceled that deposition. EMC then had to undertake the extraordinary step of issuing a subpoena, via letters rogatory, to Simons (a party) in Texas.

- That there have never been any other members, *id.*;

- That his residence and business address—at the time the petition was filed and on the date of the deposition—is 104 Bogie, San Marcos, Texas 78666, *id.*;

- That he has lived in Texas almost his whole life, *id.* at 18; and

- That he has never owned a residence in Louisiana, *id.* at 18-20.

Moreover, as recognized by the Court, Simons also revealed that he was under the belief that he and his company had been named in the lawsuit solely in an attempt to keep the plaintiffs' claims in state court. *See* Exhibit A to EMC's supplemental memorandum in opposition to remand (record document 30) at 110. In addition, it has been learned that the US/Simons Defendants have a number of defenses to this action that have never been asserted.

After Simons' deposition, on July 22, 2008, EMC took the deposition of Wilton Augustine. In that deposition, Augustine confirmed the citizenship of Simons (which necessarily confirms the citizenship of US Solid Wall). *See* Deposition of Augustine at 162-64. Clearly, Mr. Augustine knew, at the time of filing suit herein that Simon was a citizen of Texas. Any of these facts, standing alone, might not necessitate a finding of fraud in the pleadings; however, when taken together, these discrepancies compel a finding of "actual fraud in the pleading of jurisdictional facts."

II.   **This "Actual Fraud" Obviates the Need for Consideration of Whether Plaintiffs Have Stated a Judiciable Claim Against the US/Simons Defendants. (Issue 3).**

The Fifth Circuit "[has] recognized *two ways* to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, *or* (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (emphasis added and footnote and internal quotation marks omitted); *see also Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006) (same); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (same); *Valdes v. Wal-Mart Stores, Inc.*, No. 97-20179, 1998 WL 648571, at *3 (5th Cir. Sept. 4, 1998) (noting the "two alternative[]" means of establishing fraudulent joinder); *In re Pharm. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 117 (D. Mass. 2006) (recognizing the "disjunctive" nature of *Smallwood*'s fraudulent joinder test).  Because the Fifth Circuit's fraudulent joinder test is disjunctive, Plaintiffs' actual fraud in pleading jurisdictional facts obviates the need for consideration of whether they have stated a judiciable claim against the US/Simons Defendants.

III.   **The Consent of the US/Simons Defendants Was not Required for Removal (Issues 4-5).**

28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal."  Federal courts have long held that this statute generally requires that all served defendants join in a notice of removal. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) (citing *Tri-Cities Newspapers, Inc. v.*

*Tri-Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325 (5th Cir. 1970)).  As best as the undersigned counsel can determine, *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245 (1900), is the historical origin of this rule.  In that case, the Supreme Court held that under the statutory predecessor of section 1446(a) then in effect, all defendants had to join in a petition for removal of a case falling within a federal court's federal question subject matter jurisdiction.

Notwithstanding the general rule requiring the consent of all served defendants to remove a case to federal court, it is well-established that a removing party need not obtain the consent of a fraudulently joined codefendant.  *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (holding that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (same); *Hunter v. Sirmans*, No. 08-0043, 2008 WL 4717067, at *2 (W.D. La. Aug. 15, 2008) (same).  For this reason, the consent of the fraudulently joined US/Simons Defendants was not required for removal of this case.

## IV.   The Complicity of the US/Simons Defendants Supports a Finding of Fraudulent Joinder on the Alternative Theory that Plaintiffs Had No Intention of Seeking a Judgment Against Them (Issue 6).

The analysis above, standing alone and without any consideration of the US/Simons Defendants' actions or testimony, necessitates denial of Plaintiffs' Motion to Remand.  Nonetheless, because the claims against US/Simons are <u>res judicata</u>, and based on the testimony of Don Simon, where he **admits** that he was only included in the suit to

keep this matter from being moved . . . to some higher court," as well as the US/Simons Defendants' complicity in Plaintiffs' obfuscation, it is clear that Plaintiffs have "no real intention in good faith to seek a judgment" against the US/Simons Defendants. *See Joe v. Minnesota Life Ins. Co.*, 257 F. Supp. 2d 845, 849 (S.D. Miss. 2003) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 99 (1921)).  As mentioned above and in the Court's memorandum ruling, it is clear that the US/Simons Defendants have defenses that have never been raised.  With an arsenal of defenses, including exceptions of no cause of action and res judicata, why would those defenses not be asserted?  The only explanation is the one given by Simon, that he was added to this lawsuit solely to keep it from "some higher court."  Courts in the Fifth Circuit and elsewhere have held that this absence of intent is sufficient to support a finding of fraudulent joinder.  *See, e.g., Johnson v. Scimed, Inc.*, 92 F. Supp. 2d 587, 590 (W.D. La. 2000) ("A party will be considered fraudulently joined—and removal will be permitted— when the plaintiff . . . does not intend to secure a judgment against that particular defendant."); *see also Joe*, 257 F. Supp. 2d at 849 ("The intended omission of a valid defense, by a party who admits awareness of that defense's relevance, is, in this Court's opinion, sufficient evidence that this resident defendant has been fraudulently joined . . . ."); *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1403 (S.D. Fla. 2008) ("Where 'common sense' leads the court to 'strongly doubt' that plaintiff has a real intention in good faith to seek a judgment against the non-consenting defendants, joinder of those non-consenting defendants is fraudulent.").  Though the Court need not reach the issue, these authorities support a

finding that the US/Simons Defendants were fraudulently joined on the ground that Plaintiffs have no "real intention in good faith to seek a judgment" against them.

## CONCLUSION

Why did Plaintiffs' petition list US/Solid Wall as a Louisiana LLC? Why did Plaintiffs' petition list Simons as a Louisiana sole proprietor? Why have the Simons Defendants not raised any of the valid defenses afforded them under law? Why were the Simons Defendants avoiding discovery in this matter? The only logical explanation is the one provided by Simons in his July 1, 2008 deposition – to keep this matter out of "some higher court." By definition, this constitutes fraud in the pleadings. The need for removal is often greatest where, as here, "plaintiff tries hardest to defeat it." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (citation and internal quotation marks omitted). Accordingly, for the reasons suggested in the Court's September 30, 2009 Memorandum Ruling, and those set forth above, the Court should deny Plaintiffs' Motion to Remand.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _____
        Brian A. Homza #6980

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone:  (318) 221-6277
Telecopier: (318) 227-7850
brian.homza@cookyancey.com

ATTORNEYS FOR EMPLOYERS MUTUAL
CASUALTY INSURANCE COMPANY

## **CERTIFICATE**

I HEREBY CERTIFY that the foregoing memorandum was filed in the United States District Court for the Western District of Louisiana and served on all counsel of record through the Court's ECF/CM system on the date set forth below.

Shreveport, Louisiana this 16th day of October 2009.

_____

OF COUNSEL