RECEIVED
APR - 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILTON AUGUSTINE AND AS FAMILY ENTERPRISES, INC. D/B/A BIG A PAWN SHOP | : | DOCKET NO. 2:08-1102 |
| VS. | : | JUDGE TRIMBLE |
| EMC, EMPLOYERS MUTUAL CASUALTY COMPANIES, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Employers Mutual Casualty Company's Motion for Partial Summary Judgment" (R. #66) wherein defendant, Employers Mutual Casualty Companies ("EMC") moves the court for partial summary judgment to dismiss plaintiff's claims for bad faith pursuant to La. R.S. 22:658 and La. R.S. 22:1220[1] with prejudice, at their cost.

## FACTUAL STATEMENT

On September 24, 2005, Hurricane Rita struck portions of Southwest Louisiana causing damage to plaintiffs' properties. EMC issued an insurance policy to plaintiffs that provided coverage for six (6) separate insured properties.[2] EMC began working with plaintiffs within 30 days after being notified of the claim on or about early October.[3] EMC also dispatched two independent

---

[1] La.R.S. 22:658 and 22:1220 were redesignated as La. R.S. 22:1892 and 22:1973.

[2] Plaintiffs are not seeking payment for two of these properties:
　　　Property #1　　2215 Broad Street
　　　Property #2　　817 Prien Lake Rd.
The amount EMC paid for damages to these two properties is $204,067.

[3] Defendant's exhibit A, affidavit of Charles Herrold.

adjusters to examine the damaged properties.[4] The inspections resulted in a total payment to plaintiffs of $527,086.17.[5]

Plaintiffs subsequently hired its own independent adjuster, Kermith Sonnier of Cost Control Services ("Cost Control"), who estimated damages of $942,885.74. Plaintiffs argue that EMC's adjusters were "not unbiased, independent adjusters"[6] and that the estimates by Cost Control are satisfactory proof of loss of damage to the Augustine Properties.[7] Plaintiffs remark that EMC's payments extended over a two year period, and then argue that because those payments are insufficient to cover all the damage to the properties, a jury should decide whether or not EMC is liable for penalties and attorney fees. In other words, plaintiffs argue that a jury should decide what is "satisfactory" and what is "proof," and whether or not EMC had a good faith basis for its dispute with Augustine.[8]

EMC maintains that it at all times acted properly and in accordance with the terms and conditions of the policy and was at no point arbitrary, capricious or without probable cause in its

---

[4] Id.

[5] Id. The payments were made as follows:
| | |
|---|---|
| November 28, 2005 | $301,681.44 |
| January 20, 2006 | $   5,241.60 |
| July 14, 2006 | $169,236.63 |
| September 15, 2006 | $  21,594.33 |
| October 23, 2007 | $  29,332.17 |
| **Total** | $527,086.17 |

[6] SOF #5.

[7] SOF #6.

[8] Plaintiffs' opposition brief, p. 6.

2

handling of plaintiffs' claims. EMC asserts that within 30 days of being notified of the claim, it began working with plaintiffs to arrive at agreed prices for repairs.[9] EMC then sent two independent adjusters, James Magouirk of United Storm Adjusters, Inc. ("USA") and Keith Brown of Crawford & Co. ("Crawford") to examine the properties.[10] USA examined some of the properties and estimated $302,681.44 in damages. Crawford examined the remaining properties and estimated $197,000.00 in damages.[11] EMC paid these amounts to plaintiffs and an additional $27,404.73 for a total of $527,086.17.[12]

Plaintiffs' adjuster, Cost Control, estimated the damages to be $942,885.74.[13] EMC disputes Cost Control's estimates. EMC maintains that (1) much of Cost Control's estimates included pre-Hurricane Rita repairs, (2) the problems experienced at the properties were due to Mr. Augustine and his workers' failed attempts to repair the properties, and (3) the repair costs were grossly higher than those provided by EMC's adjusters.

One who claims penalties and attorney fees has the burden of proving that the insurer received "satisfactory proof of loss" as a necessary predicate to a showing that the insurer was arbitrary, capricious or without probable cause.[14] A "satisfactory proof of loss" within the meaning

---

[9] Defendant's exhibit A, Affidavit of Charles Herrold.

[10] Id.

[11] Id.

[12] Id.

[13] No evidence has been submitted to substantiate this amount.

[14] Reed v. State Farm Mut.Auto.Ins. Co. 857 So.2d 1012 (La.2003); Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983) citing Steadman v. Pearl Assurance Co., 242 La. 84, 134 So.2d 884 (1961).

of Louisiana Revised Statute 22:658 is that which is sufficient to fully apprise the insurer of the insured's claim.[15] The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay.[16] The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense.[17] Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists.[18] Both Louisiana Revised Statutes 22:658 and 22:1220 require proof that the insurer was "arbitrary, capricious, or without probable cause," a phrase that is synonymous with "vexatious."[19]

EMC paid plaintiffs $527,086.17 for damages sustained to the insured properties. EMC learned through a letter from counsel on March 6, 2007 that there was additional damage to the property located on 108 Rodham Street.[20] Plaintiffs made additional property damage claims through May 2007.[21] After receiving the reports as to the additional property damage, EMC requested Crawford to reinspect the properties and also conducted sworn examinations of plaintiffs.

---

[15] Id., 437 So. at 828.

[16] Block v. St. Paul Fire & Marine Ins. Co., 742 So.2d 746, 751 (La.App. 2 Cir. 9/22/99).

[17] Rudloff v. Louisiana Health Services and Indemnity Co., 385 So.2d 767, 771 (La.1980).

[18] Block, 742 So.2d at 752.

[19] Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250, 1253 (La.1993).

[20] Plaintiffs' exhibit A, Herrold affidavit.

[21] Id.

After determining that certain damage predated Hurricane Rita, that some problems were related to Mr. Augustine and his workers failed attempts to repair the properties, and that figures supplied by Cost Control were overpriced, EMC concluded that no additional payments were due.[22]

Plaintiffs have provided no evidence to show that they submitted to EMC satisfactory proof of loss for their additional property damage claims. Furthermore, plaintiffs have failed to submit summary judgment evidence to support their claim that EMC's conduct was arbitrary, capricious or without probable cause.

## CONCLUSION

For the reasons set forth herein, the motion for summary judgment will be granted dismissing with prejudice plaintiffs' claims for penalties and attorney fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of April, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[22] Defendant's exhibit A, Herrold affidavit.